# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | § § § § § | |
| *Plaintiff*, | § | |
| v. | § § | Civil Action No. SA-08-CV-1007-XR |
| JAMES D. HALSELL, | § § § | |
| *Defendant*. | § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

On this day, the Court considered Plaintiff's motion for summary judgment (Docket Entry No. 51). Defendant did not respond to the motion, and the time to do so has expired. Having considered the motion, the relevant authority, and the evidence, the Court GRANTS Plaintiff's motion for summary judgment.

## Background

On December 24, 2007, Justin R. Halsell applied for a $250,000 term life insurance policy with Plaintiff United of Omaha Life Insurance Company ("United of Omaha") and named his father, Defendant James D. Halsell ("Halsell") as his beneficiary. In the application, Justin Halsell answered "No" to the following question: "In the past 10 years, has the person proposed for insurance: (a) been treated or advised to be treated for alcoholism, alcohol use, or any drug/substance use?" (Pl.'s Mot. for Summ J. appx. at 39, Nov. 30, 2009 [Docket Entry No. 51] ("Pl.'s appx.").) The application specifically reads that an answer of "Yes" to the question would render the applicant ineligible for Term Life Express coverage. (*Id.*)

On January 8, 2008, Justin Halsell completed a drug/alcohol usage questionnaire in which

he denied that he had ever received medical treatment because of drugs. (*Id.* at 48.) Later that month on January 23, 2008, in a telephone interview conducted by United of Omaha, Justin Halsell again denied that he had ever engaged in drug use or received any treatment for drug use. (*Id.* at 50.)

On February 1, 2008, United of Omaha issued Justin Halsell policy no. BU1187319 in the amount of $250,000. (*Id.* at 7–51.) The policy provided life insurance benefits of $250,000 with an accidental death benefit rider of $100,000. The policy contains the following provision pertaining to the ability of United of Omaha to contest the policy:

> Except for nonpayment of a premium, we will not contest the validity of this policy after it has been in force during the lifetime of the insured for two years from the issue date. Any contest to the application may be based only upon material misrepresentations in the application. With respect to statements made in an application for reinstatement, we will not contest the policy after it has been in force during the insured's lifetime for two years after the effective date of reinstatement. Any contest to the application for reinstatement may be based only upon material misrepresentations in the application.

(*Id.* at 17.)

Unbeknownst to United of Omaha and contrary to Justin Halsell's responses to questionnaires and interviews, he had been treated for drug dependence prior to applying for the life policy. From June 13, 2007, to July 6, 2007, he was treated for polysubstance abuse at the Laurel Ridge Treatment Center. (Sealed appx. at 65–70.) On November 14, 2007, Justin Halsell was admitted to the Mission Vista Behavioral Health Center and discharged on November 16, 2007. Medical records from the facility diagnosed him as suffering from benzodiazepine dependence, "abusing Xanax up to 20 mg per day." (Sealed appx. at 74.) Medical records acknowledge that Justin Halsell had been admitted "to withdraw himself from Xanax." (Pl.'s appx. at 64.)

United of Omaha contends, in accordance with the declaration on the life insurance application, that Justin Halsell's treatment for drug abuse would have rendered him ineligible for life

2

insurance coverage. United of Omaha's underwriting requirements bar the issuance of a term life express policy or term life complete policy to a person who has received drug abuse treatment within three years. (*Id.* at 5.)

Justin Halsell was shot and killed on July 24, 2008, nearly sixteen months since the policy was issued. Defendant James D. Halsell, the beneficiary under the policy, submitted a claim for death benefits in the amount of $350,000. United of Omaha proceeded to investigate the claim. On April 21, 2009, United of Omaha provided written notice to James Halsell that it was rescinding the term life express policy issued to Justin Halsell. (*Id.* at 54–55.) United of Omaha issued a refund of the premium. (*Id.* at 51–52.)

**Procedural History**

On December 16, 2008, United of Omaha initiated suit in this Court seeking a declaratory judgment from the Court regarding payment of benefits to Defendant James D. Halsell and judicial rescission. On June 1, 2009, United of Omaha filed its First Amended Complaint seeking judicial rescission of Justin Halsell's policy. (Pl.'s 1st Am. Compl., June 1, 2009 [Docket Entry No. 32].) Defendant James D. Halsell counterclaimed for bad faith insurance practices in violation of Chapter 542 of the Texas Insurance Code, unfair and deceptive acts in violation of Chapter 541 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, negligence, wrongful rescission under Chapter 705 of the Texas Insurance Code, and breach of contract. (Def.'s Answer to Pl.'s 1st Am. Compl., June 9, 2009 [Docket Entry No. 33].) United of Omaha filed a motion for summary judgment, arguing that it has rightfully rescinded the policy and that Defendant's counterclaims fail as a matter of law. (Pl.'s Mot for Summ. J., Nov. 30, 2009 [Docket Entry No. 51].) Defendant Halsell has not responded to the motion for summary judgment, and the time to

3

respond has expired. *See* L.R. CV-7 (W.D. Tex.).

**Legal Standard**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson*, 477 U.S. at 248; *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). A fact is "material" if its resolution in favor of one party might affect the outcome of the case. *Anderson*, 477 U.S. at 248; *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002).

The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party meets its initial burden, the nonmoving party "must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). To avoid summary judgment, the nonmoving party must adduce admissible evidence that creates a fact issue concerning the existence of every essential component of that party's case and unsubstantiated assertions of actual dispute will not suffice. *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). The Court reviews all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009). A motion for summary judgment cannot be

granted simply because there is no opposition. *Ford-Evans v. Smith*, 206 Fed. Appx. 332, 334 (5th Cir. 2006).

**Analysis**

An insurer may cancel a policy on the basis of the insured's misrepresentation if the insurer pleads and proves five elements: (1) the making of the representation; (2) the falsity of the representation; (3) the insurer's reliance on the representation; (4) the insured's intent to deceive in making the representation; and (5) the materiality of the representation. *Mayes v. Mass. Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex. 1980); *Darby v. Jefferson Life Ins. Co.*, 998 S.W.2d 622, 628 (Tex. App.—Houston [1st Dist.] 1995, no writ).

"A representation is made if the applicant signs a statement indicating the answers in the application are true and correct when the policy is delivered." *Darby*, 998 S.W.2d at 628 (citing *Mayes*, 608 S.W.2d at 616). Answers provided in the application that were untrue constitute misrepresentations. *Mayes*, 608 S.W.2d at 616 ("It is now settled law that if the answers to the questions in the application were untrue at the time they were given, the untrue answers constituted misrepresentations."). Here, the evidence shows that Justin Halsell signed an application in which he declared that the answers provided were true and correct. In that application, he declared that he had not been treated or advised to be treated for any drug/substance use. He submitted a questionnaire and answered a telephone interview consistent with the answer in his application that he had not been treated or advised to be treated for any drug/substance abuse. Records from the Laurel Ridge Treatment Center state that Justin Halsell was treated for polysubstance abuse from June 13, 2007, to July 7, 2007. Records from the Mission Vista Behavioral Health Center diagnosed Justin Halsell as suffering from benzodiazepine dependence. These records indicate that Justin

Halsell's answer in which he stated that he had not been treated for any drug/substance use was not true.

"Reliance is established when the insurer does not know the representations are false." *Darby*, 998 S.W.2d at 628 (citing *Koral Indus., Inc. v. Security-Conn. Life Ins. Co.*, 788 S.W.2d 136, 148 (Tex. App.—Dallas), *writ denied* 802 S.W.2d 650 (Tex. 1990)). United of Omaha testifies via the affidavit of Jerry Bender, an Individual Life Underwriting Risk Selection Director, that "[i]n reliance on the representations made by Justin Halsell in the application, the drug/alcohol usage and the phone interview, United issued [the policy] . . . . United was not aware of Justin Halsell's prior drug abuse treatment at the time of issuance of the policy." (Pl.'s appx. at 4–5.) The evidence demonstrates that United of Omaha relied on Justin Halsell's declaration in deciding to issue the policy.

Interpreting the Texas Supreme Court's opinion in *Mayes v. Massachusetts Mutual Life Insurance Company*, the Fifth Circuit Court of Appeals held that intent to deceive or induce issuance of an insurance policy can be established as a matter of law. *Lee v. Nat'l Life Assurance Co.*, 635 F.2d 516, 517 (5th Cir. 1981). "An insured's false statements which are made because of negligence, mistake, and/or carelessness are not sufficient to invalidate an insurance policy on the basis of an insured's misrepresentation of a material fact." *Adams v. John Hancock Mut. Life Ins. Co.*, 797 F. Supp. 563, 567 (W.D. Tex. 1992). "Subsequent to the Fifth Circuit's opinion . . . , Texas state courts and federal district courts in Texas have disagreed with the Fifth Circuit's interpretation of *Mayes* and its holding that intent to deceive can be established as a matter of law." *Kirk v. Kemper Investors Life Ins. Co.*, 448 F. Supp. 2d 828, 834 (S.D. Tex. 2006). However, Texas courts have stated that "[i]ntent to deceive may be established as a matter of law when the applicant

warrants the representations to be true or when the applicant colludes with the insurance agent." *Darby*, 998 S.W.2d at 628; *see also Adams v. John Hancock Mut. Life Ins. Co.*, 797 F. Supp. 563, 567–68 (W.D. Tex. 1992) ("The court limited the Fifth Circuit's holding in *Lee* that summary judgment could be established as a matter of law only if there was a warranty that the facts contained in the application are true or evidence of collusion between the applicant and the insurance agent." (citing *Estate of Diggs v. Enterp. Life Ins. Co.*, 646 S.W.2d 573, 575 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.)), *aff'd* 49 F.3d 728 (5th Cir. 1995).

Here, United of Omaha presents Halsell's misrepresentations on three occasions to show his intent to deceive United. Specifically, United of Omaha notes that Halsell made his declaration that he had not received treatment for drug/substance abuse below a statement that read that an affirmative answer to such a question would mean that the applicant "is not eligible for Term Life Express coverage." (Pl.'s appx. at 39.) Furthermore, Halsell declared: "All answers in this application are true and complete and will be relied on by United of Omaha to determine insurability." (*Id.* at 44.) In addition, United of Omaha notes that Defendant James D. Halsell sold his son Justin the policy, paid for the policy himself, and received a commission of 130% of the policy's first year premium. (Pl.'s appx. at 78–80.) United of Omaha has presented evidence of Justin Halsell's intent to deceive the insurer, while Defendant Halsell has provided no evidence on summary judgment to create an issue of material fact on this issue. The Court notes that Defendant has done nothing to negate United of Omaha's evidence that the insured intended to deceive the insurer in light of the limited circumstances under which the Court may find an intent to deceive as a matter of law.

"The representation is material if it actually induces the insurance company to assume the

risk." *Darby*, 998 S.W.2d at 628 (citing *Westchester Fire Ins. Co. v. English*, 543 S.W.2d 407, 412 (Tex. Civ. App.—Waco 1976, no writ). Under Texas law, it is not necessary for the insurer to prove that the misrepresented condition contributed to the event that caused the loss. *Robinson v. Reliable Life Ins. Co.*, 569 S.W.2d 28, 28 (Tex. 1978). "[T]he principal inquiry in determining materiality is whether the insurer would have accepted the risk if the true facts had been disclosed." *Id.* at 29. United of Omaha contends that it would not have issued the policy it provided to Justin Halsell in the event that Halsell had disclosed that he was treated for drug/substance abuse. (Pl.'s appx. at 5.) Moreover, the application specifically states that an affirmative answer to treatment for drug/substance abuse renders a person ineligible for Term Life Express coverage. Again, Defendant's failure to provide any response to Plaintiff's evidence prevents the Court from finding a genuine issue of material fact on this matter even considering the available evidence in a light favorable to the nonmoving party.

Based on the aforementioned analysis, the Court determines that United of Omaha has provided sufficient evidence on summary judgment to rescind Justin Halsell's policy on the basis of a misrepresentation. Regarding Defendant's counterclaims, the misrepresentation defense may be used against a claim for breach of the duty of good faith and fair dealing. *Koral Indus., Inc.*, 788 S.W.2d at 148. "As a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995). Here, Defendant James D. Halsell has made a counterclaim for bad faith insurance practices in violation of Chapter 542 of the Texas Insurance Code, unfair and deceptive acts in violation of Chapter 541 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, negligence, wrongful rescission under Chapter 705 of the Texas Insurance Code, and breach of

8

contract. Defendant Halsell bases his counterclaims on Plaintiff's alleged failure to pay benefits related to the policy of Justin Halsell. (*See* Def.'s 1st Am. Answer ¶¶ 29–32, 33.) However, the evidence before the Court establishes that United of Omaha could rescind the policy, and therefore, had no basis to pay benefits related to the policy of Justin Halsell. Moreover, United of Omaha's rescission of the policy precludes Defendant's extracontractual claims for breaches of the duty of good faith and fair dealing.

**Conclusion**

The moving party having met its initial burden on summary judgment, and Defendant's failure to respond, which presents the Court with no genuine issue of material fact, the Court hereby GRANTS Plaintiff's motion for summary judgment. The Clerk is instructed to close this case.

It is so ORDERED.

SIGNED this 25th day of January, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE